# Exhibit A



**MICHAEL J. HYNES**
mhynes@hkh-lawfirm.com

NEW YORK        PENNSYLVANIA

July 20, 2018

**VIA PRIORITY MAIL**

Mr. Charles R. Evans
Chairman of the Board of Directors
MiMedx Group, Inc.
1775 West Oak Commons Ct, NE
Marietta, Georgia 30062

      **Re:**    *MiMedx Group, Inc. Shareholder Litigation Demand*

Dear Mr. Evans:

      This firm represents Charles Pike (the "Shareholder"), an owner of 200 shares of MiMedx Group, Inc. ("MiMedx" or the "Company") common stock. I write on behalf of the Shareholder to demand that the Company's Board of Directors (the "Board") take action to remedy breaches of fiduciary duties to the Company as alleged herein.

      As you are aware, by reason of their positions as officers and/or directors of MiMedx, and because of their ability to control the business and corporate affairs of MiMedx, the officers and directors of the Company owe MiMedx and its shareholders the fiduciary obligations of loyalty, good faith, and due care.  The Shareholder believes that the following officers and/or directors of the Company have violated these core fiduciary duty principles, causing MiMedx to suffer damages as a result: Chairman of the Board Charles R. Evans, Director and Former Chairman and Chief Executive Officer, Parker H. Petit; Former Chief Financial Officer, Michael J. Senken ("Senken"); Former Director, President, and Chief Operating Officer, William Tyler; and directors Charles E. Koob; Bruce L. Hack; Larry W. Papasan; Joseph G. Bleser; J. Terry Dewberry; Neil S. Yeston; Charles R. Evans; and Luis A. Aguilar (collectively, the "Officers and Directors").

      One of MiMedx's distributors is AvKARE, Inc. ("AvKARE") – a federal contractor. Through MiMedx's distribution agreement with AvKARE, the Company was able to order certain products for delivery to Department of Veterans Affairs ("VA") hospitals at will. The revenues derived from MiMedx's distribution agreement with AvKARE made up a significant portion of the Company's total revenues. In 2013, for example, 56% of the Company's total revenues were attributable to its agreement with AvKARE.

101 Lindenwood Drive
Suite 225
Malvern, PA 19355

Tel:  (610) 994-0292
Fax:  (914) 752-3041
Web:  hkh-lawfirm.com

Mr. Charles R. Evans
July 20, 2018
Page 2

In December 2016, two former employees of MiMedx filed a complaint against the Company, alleging, among other things, retaliatory termination by MiMedx after reporting fraudulent revenue recognition practices (the "Whistleblower Action"). In particular, the Whistleblower Action alleged that MiMedx had engaged in a "channel-stuffing scheme" to "fraudulently recognize revenue [purportedly earned under its distribution agreement with AvKARE] in its certified financial statements before the revenue had been realized or realizable and earned." The Company denied those claims and, in fact, sued the employees for tortious interference, among other things.

In September 2017 several market research analysts (often called "short reporters") published reports which, among other things, focused on the fraudulent revenue recognition practices of MiMedx alleged in the Whistleblower Action. Again, MiMedx denied these allegations and sued each of the research companies for, among other things, libel, slander, and defamation.

On February 20, 2018, after causing the Company to expend monies in the foregoing litigation and publicly denying that MiMedx was engaged in an improper revenue scheme, MiMedx disclosed an "internal investigation into current and prior-period matters relating to allegations regarding certain sales and distribution practices at the Company," and with regard to "the accounting treatment of certain distributor contracts." The Company further announced that, because of this internal investigation, it would delay the release of its fourth quarter and fiscal year 2017 financial results.

On June 7, 2018, Mimedx announced that its previously issued consolidated financial statements relating to each of the fiscal years ended December 31, 2012, 2013, 2014, 2015, and 2016 and each of the interim periods ended March 31, June 30 and September 30, 2017 should be restated. The Company further announced, "the determination of the need to restate was based on investigation results to date, which have primarily been focused on the accounting treatment afforded to such sales and distribution practices for two distributors for which certain implicit arrangements modified the explicit terms of the contracts, impacting revenue recognition during specified periods."

Media sources are also reporting that the Department of Justice ("DOJ") is also looking into MiMedx's distribution practices, including allegations of channel stuffing. This is on top of the Company already admitting that it is cooperating with a Securities and Exchange Commission ("SEC") investigation into how the Company recognizes revenue.

The misconduct described above, has also subjected MiMedx to a class action lawsuit for violations of the federal securities laws, captioned *MacPhee v. MiMedx Group, Inc*., et al., 1:18-cv-830 (N.D. Ga.) (the "Securities Class Action"). The Securities Class Action alleges that MiMedx, Petit, and Senken made false and misleading statements regarding channel-stuffing and revenue recognition techniques.

As a result of the foregoing misconduct, MiMedx has been harmed by having to expend resources to defend the Whistleblower Action, the SEC and DOJ investigations, and the Securities

Mr. Charles R. Evans
July 20, 2018
Page 3

Class Action. All of the negative press surrounding these lawsuits and investigations has also severely impacted the Company's reputation.

Lastly, the Shareholder demands that MiMedx hold a stockholders annual meeting. The Company's failure to hold an annual meeting violates Delaware law and the Company's own Bylaws. Fla. Stat. § 607.0701 of the Florida Statutes mandates that all corporations conduct an annual meeting of shareholders. MiMedx's last annual meeting was May 17, 2017, or over a year ago and the Company has provided no notice of an upcoming annual meeting. Furthermore, MiMedx's own Bylaws state the requirement of an annual meeting: "The annual meeting of shareholders shall be held each year on a date and at a time designated by the Board of Directors. At the annual meeting, directors shall be elected and any other proper business may be transacted." Obviously, the use of the word "annual" evidences that the Company itself is bound by its own bylaws to holding a stockholder meeting each year. Furthermore, the Stockholder notes that even though the Company is undergoing a restatement, the right of stockholders to have an annual meeting is not suspended merely because a corporation is unable to file current financial reports or to comply with federal proxy regulations.

On behalf of the Shareholder, we hereby demand, pursuant to Fla. Stat. § 607.07401, that the Board take immediate action to correct the breaches of fiduciary duty described above and to hold an annual meeting for the election of directors and other important business matters as required under Fla. Stat. § 607.0701.   If the Board does not commence appropriate action within a reasonable period of time, the Shareholder will commence a shareholder derivative action on behalf of the Company to obtain appropriate relief for the Officers and Directors' breaches of fiduciary duty and with regard to the failure to hold an annual meeting, seek a court order to set an annual meeting for the election of directors.

This Shareholder Demand also serves to put all affected entities and individuals identified herein on notice of their document preservation and collection responsibilities.

Very truly yours,

HYNES KELLER & HERNANDEZ, LLC

Michael J. Hynes